**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| PEDRO ANTONIO ARDILA CORTES, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02476-SHL-tmp |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

Before the Court is <u>pro se</u> Petitioner Pedro Antonio Ardila Cortes's Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed on April 27, 2026.  (ECF No. 1.)  He states

that he "is a sixty-five-year-old Colombian national with no criminal history who has been held

in civil detention since November 20, 2025, without ever having received an individualized bond

hearing before a neutral decision-maker."  (<u>Id.</u> at PageID 1.)  Ardila Cortes seeks an

individualized bond hearing before an immigration judge or his immediate release.  (<u>Id.</u> at

PageID 8–9.)  Respondent responded in opposition on May 3.  (ECF No. 11.)  Ardila Cortes

replied on May 18.  (ECF No. 13.)  After the Court directed Respondent to update his position in

light of the Sixth Circuit's recent decision in <u>Lopez-Campos v. Raycraft</u>, --- F.4th ---, 2026 WL

1283891 (6th Cir. 2026) (ECF No. 12), Respondent conceded that <u>Lopez-Campos</u> "controls the

outcome of this matter" (ECF No. 14 at PageID 68).

**<u>BACKGROUND</u>**

Ardila Cortes is a citizen of Colombia who entered the United States on May 2, 2024,

near San Diego, California, and lives in Memphis with his two adult daughters who are lawful

residents of the United States.  (ECF No. 1 at PageID 4–5.)  He fled Columbia

> after suffering repeated threats, extortion demands, and physical violence at the hands of Colombian police officers and armed non-state actors operating in coordination with them.  On October 24, 2023, two uniformed police officers threatened him with death after he reported corruption.  On November 21, 2023, he was deliberately struck by a white truck driven by individuals acting in concert with those officers.  On April 22, 2024, two armed men entered his business, beat him, pointed a firearm at his head, and demanded extortion money.

(Id. at PageID 3.)  He has applied for asylum and for withholding of removal.  (Id. at PageID 4.) He passed his credible fear interview.  (Id.)

## **ANALYSIS**

Ardila Cortes challenges his detention, since November 20, 2025, "without any individualized bond hearing and without any determination by a neutral decision-maker that his continued detention is justified by flight risk or danger to the community."  (Id.)  He seeks an individualized bond hearing before an immigration judge or his immediate release.  (Id. at PageID 8–9.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 14 at PageID 68.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nevertheless, Respondent "maintains that the Court should require Petitioner to exhaust his administrative remedies."  (Id. at PageID 69 n.1 (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The

legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy, 503 U.S. at 144 (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, if the Court does not first require exhaustion, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 14 at PageID 69.)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

### CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Petitioner immediately.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

3

**IT IS SO ORDERED,** this 21st day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE